UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Appellant,<br>　　v.<br>KIRK LINDSAY WILSON,<br>　　　　Appellee. | Case No. 15-cv-01448-VC<br><br>**OPINION** |

　　　　The United States of America appeals from an order of the United States Bankruptcy Court for the Northern District of California entered on March 12, 2015.  The bankruptcy court granted partial summary judgment to Kirk Lindsay Wilson on the ground that a tax penalty imposed on Wilson for failure to file his 2008 taxes was discharged, and that the Internal Revenue Service's seizure of Wilson's funds to satisfy the penalty was therefore improper.[1]

　　　　The judgment of the bankruptcy court is reversed and this matter is remanded for further proceedings consistent with this opinion.

## I. BACKGROUND

　　　　Wilson obtained an extension to file his 2008 tax return from April 15, 2009 to October 15, 2009.  Wilson did not in fact file his 2008 tax return until February 2011.  The IRS accordingly imposed penalties on Wilson for his failure to file his 2008 tax return, pursuant to 26 U.S.C. § 6651(a)(1), and for his failure to pay his 2008 tax obligation, pursuant to 26 U.S.C. §

---

[1] Pursuant to Fed. R. Bankr. P. 8019(b)(3), the Court finds after examining the briefs and the record that oral argument is unnecessary because the facts and arguments are adequately presented in the papers and the decisional process would not be significantly aided by oral argument.

6651(a)(2).

On July 24, 2012, Wilson filed a Chapter 7 petition for bankruptcy. The Chapter 7 Trustee used the bankruptcy estate funds to satisfy Wilson's non-dischargeable 2008 income tax liability, but there were apparently insufficient funds to satisfy either the failure-to-file penalty or the failure-to-pay penalty. The IRS subsequently intercepted a California income tax refund due to Wilson and levied Wilson's Social Security benefits to satisfy those tax penalties. Wilson then commenced an adversary proceeding against the IRS, seeking, inter alia, return of the seized funds, on the ground that the tax penalties were discharged under 11 U.S.C. § 523(a)(7)(B).

Wilson moved for summary judgment. In the proceedings below, the IRS agreed with Wilson that the failure-to-pay penalty was discharged, but argued that the failure-to-file penalty was not, and that the seizure of Wilson's funds to satisfy the failure-to-file penalty was therefore proper. The bankruptcy court, relying on *McKay v. United States*, 957 F.2d 689 (9th Cir. 1992), granted partial summary judgment in favor of Wilson, concluding that the failure-to-file penalty was discharged under section 523(a)(7)(B). The bankruptcy court noted that *McKay*, in construing section 523(a)(7)(B), explained that the statute rendered dischargeable "[a] penalty imposed on unpaid taxes accruing more than three years before the filing of the bankruptcy petition." 957 F.2d at 693. The bankruptcy court concluded that this sentence should be interpreted to mean that the relevant measuring date under the statute is the accrual of the tax obligation. The bankruptcy court concluded that Wilson's 2008 tax obligation accrued on April 15, 2009, more than three years before he filed his bankruptcy petition, and therefore that the failure-to-file penalty was discharged.

## II. DISCUSSION

### A.

Because the parties agreed before the bankruptcy court that the failure-to-pay penalty was discharged, the only issue on appeal in this case is whether the failure-to-file penalty was discharged under 11 U.S.C. § 523(a)(7)(B). In reviewing a decision of the bankruptcy court, "[t]he district court acts as an appellate court, reviewing the bankruptcy court's findings of fact

2

under the clearly erroneous standard and its conclusions of law de novo." *In re Daniels-Head & Associates*, 819 F.2d 914, 918 (9th Cir. 1987) (citing *In re American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir. 1984)).  "The issue of dischargeability of a debt is a mixed question of fact and law that is reviewed de novo." *Miller v. United States*, 363 F.3d 999, 1004 (9th Cir. 2004) (citing *Diamond v. Kolcum (In re Diamond)*, 285 F.3d 822, 826 (9th Cir. 2002)).

## B.

Section 523(a)(7)(B) provides that:

> A discharge under . . . this title does not discharge an individual debtor from any debt . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty . . . imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

As the Ninth Circuit has explained, section 523(a)(7)(B) is relatively "straightforward": "[i]t makes dischargeable any tax penalty 'imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.'" *McKay*, 957 F.2d at 693 (quoting § 523(a)(7)(B)).  Stated differently, section 523(a)(7)(B) "makes tax penalties of these kinds nondischargeable only if the transaction or event giving rise to the penalty occurred during the 3 years immediately before the date on which the petition under title 11 was filed." *In re Burns*, 887 F.2d 1541, 1547 (11th Cir. 1989) (citing S. Rep. No. 1106, 95th Cong., 2d Sess. 23 (1978)).

The Code does not define "transaction or event."  But the most natural application of section 527(a)(7)(B) is that the "transaction or event" with respect to which the penalty in this case was imposed was Wilson's failure to file by the October 15, 2009 deadline.  The penalty was imposed pursuant to 26 U.S.C. § 6651(a)(1), which provides that

> In case of failure to file any [required tax] return . . . *on the date prescribed therefor (determined with regard to any extension of time for filing)*, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

3

(emphasis added).  Indeed, interpreting section 523(a)(7)(B) in combination with section 6651(a)(1), another district court in this Circuit has concluded that "there is no question that the transaction or event to which [a] sanction[] [under section 6651(a)(1)] relate[s] is the failure to file a return . . . on the due date.  Although the penalties imposed under the provision increase with each month the taxpayer remains in non-compliance, this monthly accretion merely changes the amount of the taxpayer's liability—it does not alter the date of the transaction giving rise to the penalties." *In re Hedgecock*, 160 B.R. 380, 383 (D. Or. 1993).

Thus, although *McKay*'s statement that "[a] penalty imposed on unpaid taxes accruing more than three years before the filing of the bankruptcy petition is dischargeable," 957 F.2d at 693, could potentially be interpreted to mean a penalty is discharged if the *taxes* accrued more than three years before the filing of the petition, the better reading of that statement, given the plain language of section 523(a)(7)(B), is that a *penalty* accruing more than three years prior to filing is discharged under the statute.  That is, the penalty is only discharged if the transaction or event for which it was imposed occurred three years prior to filing.  In this case, the mandatory language of section 6651(a)(1) indicates that penalties were required to be imposed when Wilson failed to file by the extended deadline, such that the penalty could be said to have "accru[ed]" within the meaning of *McKay* on October 16, 2009, when it was clear Wilson had failed to file by the extended deadline.  957 F.2d at 693.  Because that date was less than three years before Wilson's Chapter 7 filing on July 24, 2012, the bankruptcy court's determination that Wilson's failure-to-file penalty was discharged under section 523(a)(7)(B) was in error.

### III. CONCLUSION

The judgment of the bankruptcy court is reversed.  This case is remanded to the bankruptcy court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: January 21, 2016

_____
VINCE CHHABRIA
United States District Judge